CHRISTOPHER WARD, CA Bar No. 238777
   cward@foley.com
KRISTINA M. FERNANDEZ MABRIE, CA Bar No. 318315
   kfernandezmabrie@foley.com
FOLEY & LARDNER LLP
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2411
TELEPHONE:  213.972.4500
FACSIMILE:   213.486.0065

Attorneys for Defendant SABERT
CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| BRUCE DE VILLING, AN INDIVIDUAL,<br><br>PLAINTIFF,<br><br>v.<br><br>SABERT CORPORATION AND DOES 1-100, INCLUSIVE<br><br>DEFENDANT. | CASE NO:  5:18-CV-2201<br><br>**DEFENDANT SABERT CORPORATION NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTION 1441 [DIVERSITY JURISDICTION]**<br><br>**Removed from the Superior Court of California, County of San Bernardino, San Bernardino District**<br><br>Superior Court Case No. CIVDS1822136<br><br>CASE FILED:  AUGUST 21, 2018 |

DEFENDANT'S NOTICE OF REMOVAL
Case No. 5:18-CV-2201

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant SABERT CORPORATION ("Defendant" OR "Sabert Corporation"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes Case No. CIVDS1822136, filed in the Superior Court of the State of California for the County of San Bernardino (the "Action"), and all claims and causes of action therein, to the United States District Court for the Central District of California. As grounds for removal, Defendant states that this Court has original jurisdiction over this matter under 28 U.S.C. § 1332 on the basis of diversity jurisdiction, and that all the claims and causes of action in the matter may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

**I.   STATE COURT ACTION**

1.   On August 21, 2018, plaintiff Bruce De Villing ("Plaintiff") filed a complaint (the "Complaint") against Defendant Sabert Corporation, and Does 1 through 100, inclusive, which commenced the Action in the Superior Court of the State of California for the County of San Bernardino.  The Complaint contains purported causes of action for (1) Age Discrimination In Violation of Government Code §§ 12940 et seq., (2) Failure to Prevent Discrimination in Violation of Government Code §§ 12940(k), (3) Wrongful Termination in Violation of Public Policy, and (4) Declaratory Judgement. True and correct copies of the pleadings filed in Case No. CIVDS1822136 in the Superior Court of the State of California for the County of San Bernardino, and any orders by the Superior Court are attached to the Declaration of Christopher Ward as **Exhibit 1**, filed concurrently herewith.

2.   Defendant first received service of the summons and Complaint on September 17, 2018 when it was personally served at Defendant's facility in Riverside. [Declaration of Christopher Ward ("Ward Decl.") at ¶ 3.]

3.   The Superior Court set a Trial Setting Conference for February 21, 2019.

4841-9819-3525.1

No motions or other proceedings are currently pending in the Superior Court.

## II.    GROUNDS FOR REMOVAL

### A.    Timeliness, Venue, and Notice

4.    This Notice of Removal is timely under 28 U.S.C. § 1446(b) because proper service of the summons and Complaint on September 17, 2018 allows Defendant to remove the Action on or before October 17, 2018.  28 U.S.C. § 1446(b)(1) ("notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …").

5.    Venue is proper under 28 U.S.C. § 1446(a), which provides for removal of any civil action to the federal district court for the district and division embracing the place where the action is pending.  Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1441(a) because the Action was filed within this District.

6.    Defendant is filing with the Clerk of the State Court in which the Action is currently pending a Notice to State Court and Adverse Parties of Removal, together with this Notice of Removal and supporting documents, pursuant to 28 U.S.C. § 1446(d).  Copies of the Notice to State Court and Adverse Parties of Removal together with this Notice of Removal are being served on Plaintiff pursuant to 28 U.S.C. § 1446(d).

### B.    Diversity Jurisdiction

7.    This Court has original jurisdiction over the Action pursuant to 28 U.S.C. § 1332 because: (a) there is complete diversity among the Plaintiff and Defendant; and (b) the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### 1.    Diversity of Citizenship

8.    A corporation is deemed to be a citizen of both its state of incorporation and the state in which it has its principal place of business.  *See* 28 U.S.C. § 1332(c); *see also Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

9. As alleged in the Complaint, Plaintiff is an individual resident of the County of San Bernardino, California and therefore is domiciled in California for purposes of citizenship. [Ward Decl., Ex. 1 at ¶ 4.]

10. Defendant Sabert Corporation is a New Jersey corporation with its principal place of business in Sayreville, New Jersey. [Ward Decl. at ¶ 4(a).]

11. Therefore, complete diversity exists between Plaintiff and Defendant.

### 2.  Amount in Controversy

12. "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). All that is required is a "short and plain statement of the grounds for removal," including "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*., at 551, 554.

14. While the Complaint does not specify the amount of damages sought by Plaintiff, in July 2018, through his counsel and before filing this Action, Plaintiff made a pre-litigation six-figure settlement demand which in and of itself satisfies the amount in controversy threshold to establish this Court's jurisdiction over this matter.[1] [Ward Decl. at ¶ 4(b).]; *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (holding that pre-dispute demand letters are relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claims); *Babasa v. LensCrafters, Inc.*, 498 F.3d 972 (9th Cir. 2007) (finding that a letter sent to the employer from counsel for employees was sufficient to put employer on notice that the amount in controversy between the parties); see also *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428–30 (7th Cir. 1997) (finding that a plaintiff's settlement offer was properly consulted in determining "plaintiff's assessment of the value of her case"); *Wilson v.*

---

[1] Under *Dart Cherokee,* 135 S. Ct. at 554, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." As such, Defendant is not attaching Plaintiff's settlement demand letter to the removal papers so as to respect the confidential nature of settlement communications, but will provide a copy of such documentation should Plaintiff attempt to contest the amount in controversy requirement.

DEFENDANT'S NOTICE OF REMOVAL
Case No. 5:18-CV-2201

4841-9819-3525.1

*Belin*, 20 F.3d 644, 651 n. 8 (5th Cir. 1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded [the jurisdictional threshold], it is 'apparent' that removal was proper").

15.    Accordingly, the amount in controversy exceeds this Court's jurisdictional threshold.

16.    Due to the foregoing, Defendant has met the requirements for removal of this Action under 28 U.S.C. § 1332, 1441, and 1446, and, accordingly, this Court has jurisdiction over this matter.

17.    This Notice of Removal is filed subject to and with full reservation of rights. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions, and pleas are expressly reserved.

DATE:  OCTOBER 17, 2018

FOLEY & LARDNER LLP
CHRISTOPHER WARD
KRISTINA M. FERNANDEZ MABRIE


By: ___*/s/ CHRISTOPHER WARD* _____
CHRISTOPHER WARD
Attorneys for Defendant SABERT
CORPORATION

DEFENDANT'S NOTICE OF REMOVAL
Case No. 5:18-CV-2201

4

4841-9819-3525.1

PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to this action; my current business address is 555 South Flower Street, Suite 3300, Los Angeles, CA 90071-2411.

On October 17, 2018, I served the foregoing document(s) described as: **DEFENDANT SABERT CORPORATION NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTION 1441 [DIVERSITY JURISDICTION]**  on the interested parties in this action as follows:

Addressees

____  BY MAIL

    ____  I placed the envelope(s) with postage thereon fully prepaid in the United States mail, at Los Angeles, California.

    ____  I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service; the firm deposits the collected correspondence with the United States Postal Service that same day, in the ordinary course of business, with postage thereon fully prepaid, at Los Angeles, California.  I placed the envelope(s) for collection and mailing on the above date following ordinary business practices.

____  BY E-MAIL

    ____  I served the foregoing document via e-mail to the addressees above at the e-mail addresses listed therein.

____  BY FACSIMILE

    ____  I transmitted the document(s) by facsimile transmission from a facsimile transmission machine, at Los Angeles, California, with the telephone number, 213.486.0065, to Click and Type Name  whose facsimile transmission telephone number is Click and Type Number .

    ____  I am readily familiar with the firm's practice for delivery by facsimile transmission:  the firm transmits the document(s) from a facsimile transmission machine to the person to be served.  I placed the document(s) in the place designated by the firm, at Los Angeles, California, for facsimile transmission to Click and Type Name  whose facsimile transmission telephone number is Click and Type Number  on the above date following ordinary business practices.  The document(s) was transmitted from a facsimile transmission machine with the telephone number of  213.486.0065.

The facsimile transmission was reported as complete without error by a transmission report, issued by the facsimile transmission machine upon which the transmission was made, immediately following the transmission.

____  BY HAND DELIVERY.  I delivered the envelope(s) by hand to addressee(s).

____  BY EXPRESS MAIL (Via United States Postal Service)

    ____  I deposited the envelope(s) in a facility regularly maintained by the United States Postal Service for receipt of Express Mail, with Express postage fully prepaid.

    ____  I am readily familiar with the firm's practice for collection and processing of

1

DEFENDANT'S NOTICE OF REMOVAL [DIVERSITY JURISDICTION]
CASE NO. 5:18-CV-2201

4841-9819-3525.1

correspondence for Express Mail; the firm deposits the collected correspondence with a facility regularly maintained by the United States Postal Service for receipt of Express Mail that same day, in the ordinary course of business, with Express Mail postage thereon fully prepaid, at Los Angeles, California.  I placed the envelope(s) for collection and Express Mailing on the above date following ordinary business practices.

BY EXPRESS SERVICE CARRIER (Via Overnight Courier Service)

I placed the envelope(s) in a box or other facility regularly maintained by Click and Type Name of Courier , or delivered the document(s) to a courier or driver authorized by the express service carrier to receive document(s), in an envelope(s) or package designated by the express service carrier, with delivery fees paid or provided for, at Los Angeles, California.

I am readily familiar with the firm's practice for collection and processing of correspondence for delivery by Click and Type Name of Courier :  collected packages are picked up by an express carrier representative on the same day, with the Airbill listing the account number for billing to sender, at Los Angeles, California, in the ordinary course of business.  I placed the envelope(s) in an envelope or package designated by the express service carrier for collection and processing for express service delivery on the above date following ordinary business practices.

Executed on January 30, 2013, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Click and Type Name

DEFENDANT'S NOTICE OF REMOVAL [DIVERSITY JURISDICTION]
CASE NO. 5:18-CV-2201

4841-9819-3525.1