# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVIL MINUTES—GENERAL

| Case No. | **EDCV 18-2201 JGB (KKx)** | Date | December 11, 2018 |
|---|---|---|---|
| Title | *Bruce De Villing v. Sabert Corporation, et al.* | | |

Present: The Honorable **JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE**

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) DENYING Plaintiff's Motion to Remand (Dkt. No. 13); (2) OVERRULING Plaintiff's Evidentiary Objections (Dkt. No. 14); and (2) VACATING the December 17, 2018 Hearing (IN CHAMBERS)

Before the Court is Plaintiff Bruce De Villing's Motion to Remand. ("Motion," Dkt. No. 13.) The Court finds this Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of, and in opposition to, the Motion, the Court DENIES the Motion. The Court VACATES the December 17, 2018 hearing.

## I. BACKGROUND

On August 21, 2018, Plaintiff Bruce De Villing ("Plaintiff") filed this action in the Superior Court of California, County of San Bernardino. ("Complaint," Dkt. No. 1-2.) Plaintiff alleges he was employed by Defendant Sabert Corporation ("Defendant") for nine years. (Compl. ¶ 13.) Plaintiff is 64-years-old, and alleges that despite his exemplary sales performance, he was wrongfully terminated on July 6, 2018. (Id. ¶¶ 14-16.) Plaintiff further alleges he was replaced by a new employee under the age of 40 who was hired in January 2018 and that this new employee was gives substantially all of Plaintiff's accounts. (Id. ¶¶ 17-18.) Plaintiff alleges four causes of action: (1) discrimination in violation of California Government Code Section 12940, et seq.; (2) failure to prevent discrimination in violation of California Government Code Section 12940(k); (3) wrongful termination in violation of public policy; and (4) declaratory judgment. (See Compl.) Plaintiff demands damages including lost wages, earnings, bonuses, other employee benefits, "other special damages," general damages for mental pain and anguish,

emotional distress, and prejudgment interest on each of the foregoing. (Id. ¶¶ 59-60.) Plaintiff further seeks punitive damages under California Civil Code Section 3294, attorneys' fees, costs, expert witness fees, and post-judgment interest. (Id. ¶¶ 63-65.)

Defendant removed the action on October 17, 2018. ("Notice of Removal," Dkt. No. 1.) Defendant attached to its Notice of Removal the Declaration of Christopher Ward. ("Ward Declaration I," Dkt. No. 1-1.) Plaintiff filed his Motion and evidentiary objections[1] to the Ward Declaration on November 16, 2018. (Motion; "Objections," Dkt. No. 14.) Defendants opposed the Motion on November 29, 2018.[2] ("Opposition," Dkt. No. 15.) In support of its Opposition, Defendants submitted a Declaration of Christopher Ward. ("Ward Declaration II," Dkt. No. 15-1.) Plaintiff replied on December 3, 2018. ("Reply," Dkt. No. 16.)

## II. LEGAL STANDARD

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, federal courts only have original jurisdiction over civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

The district court should first consider whether it is "facially apparent" from the complaint that the jurisdictional amount has been satisfied. See Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)). When the complaint does not specify the amount of damages, "the court may examine facts in the complaint and evidence submitted by the parties." Simmons, 209 F. Supp. 2d at 1031. The jurisdictional minimum may be satisfied by claims for

---

[1] The Court does not consider Ward Declaration I. Accordingly, Plaintiff's objections are OVERRULED.

[2] Defendant's Opposition is three days late due to, among other things, a significant IT disruption at Defense Counsel's firm. (See Ward Decl. II.) Local Rule 7-12 instructs that the failure to file any required document within the deadline may be deemed consent to the granting of a motion. Plaintiff invites the Court to find Defendant has consented to the granting of this Motion. (Reply at 2-3.) The Court declines this invitation and considers the Motion's merits.

general and special damages, including attorneys' fees and punitive damages. See Conrad Assoc. v. Hartford Accident & Indem. Co., 994 F. Supp 1196, 1198 (N.D. Cal 1998).

If an amount in controversy is not stated in the complaint, the defendant bears the burden to establish the amount in controversy at removal. Rodriguez v. AT&T Mobility Servs. LLC, 728 F. 3d 975, 981 (9th Cir. 2013). A removing party must initially file a notice of removal that includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014). A defendant's amount in controversy allegation "should be accepted when not contested by the plaintiff or questioned by the court." Id. at 553. If "defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied." Id. at 554. This proof can include affidavits, declarations, or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting Singer, 116 F.3d at 377). Additionally, the defendant may rely on "reasonable assumptions underlying the defendant's theory of damages exposure." Id. at 1198.

### III. DISCUSSION

Plaintiff's Motion contends this Court lacks subject matter jurisdiction over this action because Defendant did not establish diversity jurisdiction. (Mot. at 4-5.)

Plaintiff argues that Dart Cherokee, 135 S. Ct. 547, only applies to cases removed under the Class Action Fairness Act ("CAFA"). (Reply at 4.) Accordingly, Plaintiff contends that Defendant's Notice of Removal and attached documents must prove by a preponderance of the evidence an amount in controversy exceeding $75,000. (Mot. at 4-5; Reply at 4.) Plaintiff asserts the documents attached to the Notice of Removal fails to prove by a preponderance of the evidence that the amount in controversy requirement is satisfied. (Mot. at 4-5.) Specifically, Plaintiff takes issue with Defendant's failure to produce a copy of a settlement letter in which Plaintiff allegedly demanded damages totaling over six figures. (Id.)

Plaintiff is mistaken in asserting Defendant had to prove the amount in controversy in the documents accompanying its Notice of Removal. The Court acknowledges the CAFA context of Dart Cherokee and the absence of an anti-removal presumption in CAFA cases. 135 S. Ct. at 554. However, Dart Cherokee interpreted 28 U.S.C. § 1446, which outlines the requirements for removing "any" civil action. The Court will not read the language of Section 1446(a) to have two separate meanings. This Court already applies the Dart Cherokee framework to non-CAFA actions. See, e.g., Varma v. Nationstar Mortgage LLC, EDCV-18-1038-JGB(SPx), 2018 WL 3425018, at *2 (C.D. Cal. July 11, 2018). Additionally, other courts in this District have similarly applied the Dart Cherokee framework to non-CAFA actions. See, e.g., Langston v. T-Mobile US, Inc., CV-17-01972-JAK(ASx), 2018 WL 2382464, at *4 (C.D. Cal. May 24, 2018); Avila v. P and L Development, LLC, CV-18-01211-SJO(ASx), 2018 WL 1870422, at *2 (C.D. Cal. Apr. 18,

2018); Harrod v. Bass Pro Outdoor World, L.L.C., EDCV-17-02386-CJC(SHKx), 2018 WL 705541, at *2 (C.D. Cal. Feb. 5, 2018); Bezabeh v. Envirobusiness, Inc., SACV-17-1262-DOC(DFMx), 2017 WL 4271210, at *2 (C.D. Cal. Sep. 25, 2017); Winfrey v. TIC – The Industrial Company, CV-16-00844 VAP(SPx), 2016 WL 1572824, at *1 (C.D. Cal. Apr. 19, 2016).

Accordingly, because Plaintiff now challenges Defendant's assertion of the amount in controversy, the Court considers evidence submitted by both sides after removal to determine if Defendant proves by a preponderance of the evidence that the amount in controversy exceeds $75,000. See Dart Cherokee, 135 S. Ct. at 554. With its Opposition, Defendant submits the following evidence: (1) Ward Declaration II; (2) Plaintiff's earnings statement dated December 28, 2018 ("Exhibit A," Dkt. 15-2); and (3) Plaintiff's earnings statement dated July 6, 2018 ("Exhibit B," Dkt. No. 15-3). Exhibit A contains the 2017 year to date calculation of Plaintiff's gross pay, which includes pay for regular hours, floating holidays, annual bonus, holidays, paid time off, and quarterly sales bonus. (Exh. A.) The gross pay amount totals 167,415.04. (Id.) This does not include the value of Plaintiff's other benefits, which the Complaint also demands. (Compl. ¶ 21.) Thus, even assuming Plaintiff received no pay raise in 2018, his annual compensation would have exceeded $165,000. Exhibit B contains the 2018 year to date calculation of Plaintiff's gross pay, which includes pay for regular hours, paid time off, and annual bonus. (Exh. B.) As of July 6, 2018, Plaintiff had earned $81,865.61. (Id.) July 6, 2018 is the date Plaintiff alleges he was terminated. (Compl. ¶ 16.) Plaintiff seeks lost wages and future lost wages, bonuses, and benefits. (Id. ¶ 21.)

As of October 17, 2018, the date of removal, Plaintiff had already been terminated for approximately three months (or 25% of the year). Thus, his already-lost wages totaled approximately $41,800. This does not account for any lost future wages, mental and emotional distress, costs, attorneys' fees, and punitive damages. Furthermore, at the time of removal, it would take many months for Plaintiff's claim to go to trial, as parties engage in discovery, settlement negotiations, motion practice, and trial preparation. Accordingly, the lost wages would foreseeably continue to accrue. Thus, even if Plaintiff somehow managed to have a trial by early 2019, he would be seeking at least six months of lost wages—or about $83,000. This exceeds the amount in controversy threshold without considering any of the other damages Plaintiff seeks. Additionally, Defendant's counsel declares under penalty of perjury that he read a letter from Plaintiff demanding an amount exceeding $75,000. (Ward Decl. II ¶ 2.) Plaintiff submits no evidence contesting the amount in controversy but simply asserts that Defendant has not met its burden because it failed to produce Plaintiff's settlement demand letter. (Reply at 6.) Based on this evidence, the Court finds Defendant has proven by a preponderance of the evidence that the amount in controversy exceeds $75,000.

With regards to diversity of citizenship, Plaintiff seems to challenge that Defendant is a citizen of New Jersey. (Id. at 4.) Specifically, Plaintiff objects to Defendant's counsel declaring under penalty of perjury that his client is incorporated in New Jersey and maintains its principal place of business in New Jersey. (Id.) However, Plaintiff's Complaint alleges Defendant is a New Jersey corporation. (Compl. ¶ 3.) And the earning statements provided in Exhibits A and B

show the statements are issued from the Sayreville, New Jersey location. (Exh. A; Exh. B.) Plaintiff alleges in his Complaint that he is a resident of San Bernardino County, California and has not contested that he is a citizen of California. (Compl. ¶ 2.) Plaintiff submits no evidence contesting Defendant's citizenship. Based on this evidence, and without relying on the Ward Declaration I, the Court finds Defendant has established it is more likely than not a citizen of New Jersey only.

Accordingly, the Court finds Defendant has established by the preponderance of the evidence that there is complete diversity of citizenship and that the amount in controversy exceeds $75,000.

## IV.     CONCLUSION

For the reasons above, the Court DENIES Plaintiff's Motion. The Court VACATES the December 17, 2018 hearing.

**IT IS SO ORDERED.**